**Mansoor SHAHBUDDIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–72305.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 2, 2009.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., Ryan P. Fayhee, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Mansoor Shahbuddin, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("IJ") decision denying Shahbuddin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review this case under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). We deny the petition for review.

Shahbuddin did not challenge the BIA's finding that his application for asylum was untimely. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

Substantial evidence supports the IJ's and BIA's adverse credibility determination because Shahbuddin's asylum application is materially inconsistent with his declaration and testimony regarding possible incidents of past persecution and his membership in the Shi'a Scouts. Shahbuddin failed to provide a reasonable explanation for these inconsistencies, and the inconsistencies go to the heart of his claim. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). In the absence of credible testimony, Shahbuddin failed to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Shahbuddin's CAT claim is based on the same evidence that the IJ and BIA found not credible, and he points to no further evidence to show it is more likely than not he would be tortured if returned to Pakistan, his CAT claim fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**